# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVID HOWARD,                )<br>                                            )<br>            Plaintiff,             )<br>                                            )     CIVIL ACTION<br>v.                                         )<br>                                            )     No. 06-2153-KHV<br>TASER INTERNATIONAL, INC., )<br>                                            )<br>            Defendant.          )<br>_____) | |

## ORDER

This matter is before the Court on Defendant Taser International, Inc.'s Motion To Dismiss, Or In The Alternative, To Stay Proceedings (Doc. #8) filed April 28, 2006. Plaintiff has not responded. Pursuant to D. Kan. Rule 6.1(d)(2), plaintiff had until May 22, 2006 to file a response. Pursuant to D. Kan. Rule 7.4, "[i]f a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." For this reason and substantially the reasons stated in Defendant Taser International, Inc.'s Memorandum In Support Of Motion To Dismiss, Or In The Alternative, To Stay Proceedings (Doc. #9) filed April 28, 2006, the Court sustains defendant's motion.

The principles underlying the Colorado River doctrine, e.g. conservation of judicial resources and the comprehensive disposition of litigation, are best promoted by dismissing this case. See Colo. River Water Conserv. Dist. v. United States, 424 U.S. 800, 817 (1976). The Court notes that the better practice ordinarily is to stay the federal case pending the outcome of parallel state proceedings. See Fox v. Maulding, 16 F.3d 1079, 1082-83 (10th Cir. 1994). The purpose of a stay, however, is to preserve

an available federal forum in the event state court proceedings do not fully resolve the federal claims. See id. Here, the state and federal complaints are identical.[1] Moreover, plaintiff has not asserted any federal claims. In these circumstances, dismissal is warranted.

**IT IS THEREFORE ORDERED** that Defendant Taser International, Inc.'s Motion To Dismiss, Or In The Alternative, To Stay Proceedings (Doc. #8) filed April 28, 2006 be and hereby is **SUSTAINED**. The case is dismissed without prejudice.

Dated this 13th day of June, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] Plaintiff filed this lawsuit on February 3, 2006 in the District Court of Wyandotte County, Kansas. Defendant later removed the case. Plaintiff filed this lawsuit pro se even though counsel represented him in the identical action in Arizona in 2005. Plaintiff simply changed the caption of the case from the "Superior Court Of The State Of Arizona" to the "District Court Of Wyandotte Co., KS" and added his signature to the complaint. Plaintiff left the signatures of his Arizona counsel on the complaint. In a letter to the presiding judge in Kansas state court, however, Arizona counsel explained that they did not know that plaintiff had filed the complaint in Kansas and asked the Kansas state court consider plaintiff to have filed the complaint pro se.